IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

**KENNETH MOODY,**     **PLAINTIFF**

**V.**     **NO. 4:07CV035-P-B**

**LARRY HARDY, et al.,**     **DEFENDANTS**

### OPINION DENYING MOTION

This matter is before the court, *sua sponte*, for consideration of Plaintiff's motion for a temporary restraining order and a preliminary injunction. Plaintiff, an inmate currently incarcerated at the Mississippi State Penitentiary, files this *pro se* complaint pursuant to 42 U.S.C. § 1983.

### Claims

Plaintiff's voluminous pleadings include a litany of complaints about the general unpleasant conditions of incarceration. He primarily takes issue with the Defendants' alleged interference with both legal mail which he contends has denied him access to the courts, and personal mail. Also, he contends that the administrative remedy program is inadequate and that Defendants refuse to submit or accept his grievances. Plaintiff further argues that Defendants use the classification system as a retaliatory tool to deprive the inmates of education and occupational programs and deny personal visitation.

### Preliminary Injunction

In his motion for preliminary injunction, the Plaintiff seeks an order from the court that would prohibit Defendants from tampering with his mail and impeding his access to the courts.

It is well settled that a party must prove four elements to be entitled to preliminary injunctive relief: (1) a substantial likelihood of success on the merits; (2) a substantial threat of irreparable injury if the injunction is not issued; (3) that the threatened injury to the movant outweighs any harm that may result from the injunction to the non-movant; and (4) that the injunction will not disserve the public interest. *DSC Communications Corp. v. DGI Technologies, Inc.*, 81 F.3d 597, 600 (5th

Cir. 1996); *Rodriguez v. United States*, 66 F.3d 95, 97 (5th Cir. 1995), *cert. denied*, 116 S. Ct. 1058, 134 L. Ed. 2d 202 (1996); *Cherokee Pump & Equipment, Inc. v. Aurora Pump*, 38 F.3d 246, 249 (5th Cir. 1994); *Doe v. Duncanville Independent School District*, 994 F.2d 160, 163 (5th Cir. 1993); *Plains Cotton Co-op Association v. Goodpasture Computer Serv., Inc.*, 807 F.2d 1256, 1259 (5th Cir.), *cert. denied*, 484 U.S. 821, 108 S. Ct. 80, 98 L. Ed. 2d 42 (1987); *Canal Authority of Florida v. Callaway*, 489 F.2d 567, 572 (5th Cir. 1974).  This court pays more than lip service to the axiom that a preliminary injunction is an extraordinary remedy. *Cherokee Pump*, 38 F.3d at 249.  It is "not to be granted routinely, but only when the movant, by a clear showing, carries [the] burden of persuasion." *Black Fire Fighters Association v. City of Dallas*, 905 F.2d 63, 65 (5th Cir. 1990) (quoting *Holland American Insurance Co. v. Succession of Roy*, 777 F.2d 992, 997 (5th Cir. 1985)); *Cherokee Pump*, 38 F.3d at 249 (quoting *Mississippi Power & Light v. United Gas Pipe Line Co.*, 760 F.2d 618, 621 (5th Cir. 1985)) ("The decision to grant a preliminary injunction is to be treated as the exception rather than the rule").

In order for the Plaintiff to prevail on his claim of unconstitutional mail tampering, he must prove each of the following elements by a preponderance of the evidence: (1) that the prison officials intentionally confiscated his outgoing mail, and (2) that the confiscation of the plaintiff's mail resulted in actual harm to him.  *Wolff v. McDonnell*, 418 U.S. 539, 575-77 (1974)*, Brewer v. Wilkerson*, 3 F.3d 816, 824-25 (5th Cir. 1993), *Lewis v. Casey*, 518 U.S. 343, 349 (1996), *Jones v. Greninger*, 288 F.3d. 322, 325 (5th Cir. 1999).

Under the Supreme Court's decision in *Bounds v. Smith*, 430 U.S. 817, 821 (1977), prisoners possess a constitutional right of access to courts, including having the "ability . . . to prepare and transmit a necessary legal document to court." *Eason v. Thaler*, 73 F.3d 1322, 1328 (5th Cir. 1996) (quoting *Brewer v. Wilkinson*, 3 F.3d 816, 821 (5th Cir. 1993), *cert. denied*, 510 U.S. 1123 (1994)). The right of access to the courts is limited to allow prisoners opportunity to file nonfrivolous claims challenging their convictions or conditions of confinement.  *Jones v. Greninger*, 188 F.3d 322, 325 (5th Cir. 1999). "Interference with a prisoner's right to access to the courts, such as delay, may result in a constitutional deprivation." *Chriceol v. Phillips*, 169 F.3d 313, 317 (5th Cir. 1999) (citations

omitted). However, "[a] denial-of-access-to-the-courts claim is not valid if a litigant's position is not prejudiced by the alleged violation." *Ruiz v. United States*, 160 F.3d 273, 275 (5th Cir. 1998); *Henthorn v. Swinson*, 955 F.2d 351, 354 (5th Cir. 1992), *cert. denied,* 504 U.S. 988 (1992) (citing *Richardson v. McDonnell*, 841 F.2d 120, 122 (5th Cir. 1988)). It is only when a prisoner suffers some sort of actual prejudice or detriment because of the alleged denial of access to the courts that the allegation becomes one of a constitutional nature. *Walker v. Navarro County Jail*, 4 F.3d 410, 413 (5th Cir. 1993); *see Howland v. Kilquist*, 833 F.2d 639, 642 (7th Cir. 1987). A plaintiff must show real detriment, *i.e.*, true denial of access, such as the loss of a motion, the loss of a right to commence, prosecute or appeal in a court, or substantial delay in obtaining a judicial determination in a proceeding. *See Oaks v. Wainwright*, 430 F.2d 241 (5th Cir. 1970).

In order to prevail on his motion, Plaintiff must show that he is substantially likely to succeed on the merits of his mail tampering and access to the courts claims. Ironically, the Plaintiff's own submissions to this court essentially defeat his motion for preliminary injunction. Plaintiff alleges that Defendants tamper with his mail by removing pages and on occasion prevent him from sending outgoing mail. Yet, the complaint and exhibits are approximately 396 pages in length. Should the court assume that Plaintiff would have (or could have) filed a more thorough complaint but for the Defendants removal of documents?

The court is not blind to the fact that mail tampering occurs or that guards with retaliatory motives can impede inmates' access to the courts. This disappointing reality, however, does not show that the Plaintiff is substantially likely to succeed on his claims. Thus far, the Plaintiff has not demonstrated any actually harm or prejudice from the Defendants' alleged actions. Accordingly, Plaintiff is unable to overcome the first element necessary for a preliminary injunction. His failure in this regard renders any further analysis or discussion unnecessary.

An separate order in accordance with this opinion will be entered.

THIS the 16th day of March, 2007.

/s/ W. Allen Pepper, Jr.
W. ALLEN PEPPER, JR.
UNITED STATES DISTRICT JUDGE