IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION

KENNETH MOODY                                                                           PLAINTIFF

V.                                                              CIVIL ACTION NO.4:07CV35-WAP-JAD

LARRY HARDY, et al.                                                                   DEFENDANTS

REPORT AND RECOMMENDATION

On April 19, 2007, plaintiff, an inmate of the Mississippi Department of Corrections, appeared before the court, via video conference for a hearing pursuant to *Spears v. McCotter*, 766 F.2d 179 (5th Cir. 1985) to determine if there exists a justiciable basis for his claim filed pursuant to 42 U.S.C. §1983.

The plaintiff, an inmate in Unit 32 of the Mississippi State Penitentiary, has sued sixteen different defendants in this action. His two inch thick pleadings complain about virtually every unpleasantness involved in his confinement.[1] The prison is clearly not run as he deems fit. In spite of the volume of his pleadings and the number of complaints, there is precious little in the way of factual information about what has happened, who was involved, or how he has suffered any harm. His testimony at the hearing did not add to the pleadings to establish a factual basis for these claims.

Unit 32 is the maximum security unit. It is well-settled that the courts, unless presented with patently unreasonable conduct, are reluctant to interfere with the day-to-day operations of a prison. *Bell v. Wolfish*, 441 U.S. 520, 99 S.Ct.1861, 60 L.Ed.2d 447 (1979). A prison's internal security is peculiarly a matter normally left to the discretion of prison administrators. *Rhodes v. Chapman*, 452

---

[1] Moody takes a shotgun approach to pleading. He complains of cold food, unclean trays, and the ban on 'Cadillacing." He does include a brief complaint about one defendant, a dentist, alleging only that the dentist pulled a tooth. These assorted gripes do not state a claim for a § 1983 violation.

U.S. 337, 349 n.14, 101 S.Ct. 2392, 2400 n.14, 69 L.Ed.2d 59 (1981). Moreover, "[p]rison administrators ... should be accorded wide-ranging deference in the adoption and execution of policies and practices that in their judgment are needed to preserve internal order and discipline and to maintain institutional security." *Whitley v. Albers*, 475 U.S. 312, 321-22, 106 S.Ct. 1078, 1085, 89 L.Ed.2d 251 (1986) (quoting *Bell v. Wolfish*, 441 U.S. at 547, 99 S.Ct. at 1878). That need for discretion is greatest when dealing with the most difficult classification of prisoners.

Additionally Unit 32 is the subject of a continuing class action litigation in this court in *Presley v. Epps, 4:05cv-148.* The plaintiff in this action seeks broad injunctive relief with regard to a laundry list of conditions, policies and regulations in the unit, including those already expressly approved by this court in *Presley* and the earlier *Gates* case.[2] He also alleges that there have been violations of court orders in other cases. Class counsel remains active in *Presley* and *Gates.*[3] They are fully capable and willing of seeking enforcement if MDOC fails to abide by the orders of this court, without Moody's assistance. Separate individual suits may not be maintained for equitable relief where there is pending a class action regarding constitutionality of conditions at prisons operated by the state. *Gillespie v. Crawford,* 858 F.2d 1101, 1103 (5th Cir. 1988).

Aside from his claims for equitable relief, Moody's complaints fall into three primary groups. First, he complains about interference with legal and regular mail. He also complains that the administrative remedy program is inadequate. Finally, Moody complains the classification system and disciplinary systems are used to retaliate against inmates.

---

[2] Moody complains of the previously approved regulations which limit in-cell legal materials to six inches and other legal papers to one box.

[3] A motion for contempt in *Presley* was resolved three days prior to Moody's *Spears* hearing.

Moody makes repeated complaints about the handling of mail, especially legal mail, contending that outgoing mail is not properly delivered, nor incoming mail properly and timely received. In order to succeed on a claim of tampering with legal mail, a prisoner must show that his right to access the courts has been denied. *Bounds v. Smith*, 430 U.S. 817, 97 S. Ct. 1491, 52 L.Ed.2d 72(1977). There must be a demonstration of actual prejudice or detriment from interference with legal mail, such as prejudice in missing a deadline on a non-frivolous claim, before there is a denial of access to the courts. *Ruiz v United States*, 160 F.3d 273 (5th Cir. 1998). Moody testified at the hearing that he had missed no deadlines nor suffered any other legal prejudice in any case as a result of the handling of legal mail. He has therefore not stated a claim for any constitutional violation.

Moody complains about the handling of his regular mail saying that pages have been removed and mail delayed in reaching him. Censorship of prisoner mail is justified if the regulation or practice in question furthers an important or substantial governmental interests of security, order and rehabilitation. *Procunier v. Martinez*, 416 U.S. 396, 413 (1974), *Thornburg v. Abbott*, 490 U.S. 401, 109 S. Ct. 1874, 104 L.Ed.2d 459 (1989). In his amended complaint he gives factual specifics about the censorship and confiscation of mail. A nude photo of his girlfriend was confiscated and her right to visit him suspended for one year.[4] Moody admits that the seizure is in accordance with MDOC policy, but challenges the policy as unconstitutional. This claim is without merit. The Fifth Circuit Court of Appeals has upheld the constitutionality of prison policies that withhold sexually

---

[4] It is well settled "that for convicted prisoners'[v]isitation privileges are a matter subject to the discretion of prison officials.'" *Jones v. Diamond*, 636 F.2d 1364, 1376-77 (5th Cir. 1981) quoting *McCray v. Sullivan*, 509 F.2d 1332, 1334 (5th Cir.) *cert. denied*, 423 U.S. 859, 96 S. Ct.114, 46 L.E.2d 86 (1975). Additionally, Moody has no standing to assert his girlfriend's constitutional rights, as they are personal to her. *Coon v. Ledbetter*, 780 F.2d 1158, 1160 (5th Cir. 1986)

3

explicit materials from inmates. *Thompson v. Patteson*, 985 F.2d 202(5th Cir. 1993). He also complains about the confiscation of a money order. Because of past problems with fraud, MDOC does not allow inmates to receive money orders. If a money order was mailed to Moody, it was contraband and subject to seizure. There is no claim for the handling of the regular mail.

Moody also claims that the administrative remedy program is inadequate. This claim is frivolous and should be dismissed with prejudice. Congress requires inmates to exhaust their "administrative remedies as are available..." 42 U.S.C. § 1997e(a) before bringing litigation. "A prison system is not required to establish grievance procedures, and inmates do not have a basis for a lawsuit because a prison system has not established grievance procedures or fails to adhere to it. 42 U.S.C. 1997e(b). The Fifth Circuit has made it clear that inmates do not have a basis for a meritorious civil rights lawsuit just because they are unhappy with grievance procedures." *Bradford v. Kuykendall*, 2005 WL 1521016, 5(E. D. Tex.) citing G*eiger v. Gowers,* 404 F. 3d 371, 374(5th Cir. 2005). The constitution does not require the resolution of grievances to the satisfaction of inmates.

Moody also includes broad complaints that the disciplinary system and classification systems function as a means for prison officials to retaliate against inmates. Even if the classification system as it applied to Unit 32 were not already the subject of the class action settlement in *Presley*, Moody could still not state a claim with regard to these systems. There exists no expectation of any particular classification under §§ 47-5-99 through 47-5-103, Miss. Code Ann. (1972). *See Meachum v. Fano*, 427 U.S. 215, 96 S.Ct.2532 (1976). Inmates have neither a protectable property or liberty interest in custodial classification. *Moody v. Baker*, 857 F.2d 256 (5th Cir. 1988)); *Tubwell v. Griffith*, 742 F.2d 250 (5th Cir. 1984). Classification of inmates is typically relegated to the broad

discretion of prison officials. It is a matter with which courts are reluctant to interfere, except in extreme circumstances. *Young v. Wainwright*, 449 F.2d 338 (5th Cir. 1971). Additionally, that a state prisoner is subjected to disciplinary punishment is within the prisoner's expected conditions of confinement. The inmate does not have a liberty interest which would entitle him to procedural due process. The due process clause confers on a state prison inmate no liberty interest in freedom from state action taken within the sentence imposed. *Sandin v. Conner*, 515 U.S. 472, 115 S.Ct. 2293, 132 L.Ed.2d 418 (1995); *Luken v. Scott*, 71 F.3d 192 (5th Cir. 1995).

Accordingly it is recommended that the complaint be dismissed with prejudice for failure to state a claim.

The parties are referred to 28 U.S.C. 636(b)(1) and Local Rule 72.2(D) for the appropriate procedure in the event any party desires to file objections to these findings and recommendations. Objections are required to be in writing and must be filed within ten days of this date. Failure to file written objections to the proposed finding and recommendations contained in this report within ten days from the date of filing will bar an aggrieved party from challenging on appeal both the proposed factual findings and the proposed legal conclusions accepted by the district court *Douglass v. United Services Automobile Association*, 79 F.3d 1415 (5th Cir. 1996).

Plaintiff is directed to acknowledge receipt of this report and recommendation by signing the enclosed acknowledgment form and returning it to the court within ten days of this date. Plaintiff is warned that failure to comply with the requirements of this paragraph may lead to the dismissal of this lawsuit under F.R.Civ.P. 41(b) for failure to prosecute and for failure to comply with an order

of the court.

This the 23rd day of April, 2007.

/s/ Jerry A. Davis
UNITED STATES MAGISTRATE JUDGE